UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTHONY DAVIS,                                       )
                                                     )
                    Petitioner,                      )
                                                     )
            v.                                       )          No. 1:20-cv-01684-SEB-MG
                                                     )
UNITED STATES OF AMERICA,                            )
                                                     )
                    Respondent.                      )

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, Anthony Davis's motion for relief pursuant to 28

U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds

that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United

States*, 113 F.3d 704, 705 (7th Cir. 1997)).

1

## II. Factual Background

In July 2007, Mr. Davis was charged with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *United States v. Davis*, 1:07-cr-97-SEB-DML-1 ("Crim. Dkt"), dkt. 3. Mr. Davis executed a petition to enter a plea of guilty and plea agreement in November 2007. Crim. Dkts. 19, 20.

According to the presentence investigation report, Mr. Davis had the following prior convictions:

1. 1993 felony conviction for auto theft in Marion County (IN) Superior Court, sentenced to 18 months' imprisonment, Crim. Dkt. 64 at ¶ 32;

2. 1996 felony conviction for auto theft in Marion County (IN) Superior Court, sentenced to six years' imprisonment, *id.* at ¶ 34; and

3. 1999 felony conviction for dealing cocaine in Marion County (IN) Superior Court, sentenced to 10 years' imprisonment, *id.* at ¶ 35.

The Court conducted a combined change of plea and sentencing hearing in February 2008. Crim. Dkt. 29. It accepted Mr. Davis's guilty plea and sentenced him to 71 months' imprisonment and three years' supervised release. *Id.*; *see also* Crim. Dkt. 30.

In June 2020, Mr. Davis filed a motion to vacate under 28 U.S.C. § 2255, arguing that his guilty plea is void in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Dkt. 1. The government responded to Mr. Davis's motion, dkt. 10, and Mr. Davis did not reply.

## III. Discussion

Mr. Davis contends that his guilty plea is void after *Rehaif* because the Court did not advise him of the element requiring knowledge of his prohibited status. Dkt. 1 at 2-3. Although the

government asserts that Mr. Davis waived and procedurally defaulted this claim, the Court will exercise its discretion and address it on the merits.

"Before *Rehaif*, the federal courts of appeals had all held that § 922(g) required the government to prove a defendant knowingly possessed a firearm or ammunition, but not that the defendant knew he or she belong to one of the prohibited classes. In *Rehaif*, the Supreme Court reached a different conclusion, holding that the statute requires the government to show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *United States v. Maez*, 960 F.3d 949, 953 (7th Cir. 2020) (cleaned up).

Mr. Davis "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).  "In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb." *Id*. at 2097. "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id*. "Thus, absent some reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon." *Id*. (emphasis in original). "A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty." *Id*.

The Seventh Circuit's post-*Rehaif* decisions emphasize the high bar to relief for defendants with felony records who have pled guilty as felons in possession. The Court of Appeals noted in *Maez* that "[a] jury could reasonably think that a felony conviction is a life experience unlikely to be forgotten." 960 F.3d at 964. And, in *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020), the Court of Appeals found that the defendant's "time in prison would severely hamper an

3

assertion that he was ignorant of the fact that his time was punishable by more than a year of imprisonment."

Mr. Davis does not deny that he knew in 2007 that he was a repeat felon with multiple sentences exceeding one year. His numerous, readily available felony records would have made it impossible to credibly appeal to a jury that he was oblivious to that reality. Thus, even if there was a defect in his guilty plea proceeding, he has not provided any basis to infer that he would not have pled guilty if charged and advised consistent with *Rehaif*. Mr. Davis's challenge to his conviction must be denied.[1]

## IV. Conclusion

For the reasons explained in this Order, Mr. Davis is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:07-cr-00097-SEB-DML-1.** The motion to vacate, Crim. Dkt. [60], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255

---

[1] Mr. Davis does not ask to withdraw his guilty plea. *See* dkt. 1. Because he did not move to withdraw his plea as part of the original prosecution, any request to do so would be reviewed for plain error. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020). Mr. Davis could not establish that any error affected his substantial rights because he had three prior convictions that each resulted in a sentence exceeding one year. *See id.* at 974 (recognizing that "any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights").

Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Davis has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:    5/25/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
matthew.rinka@usdoj.gov

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org